UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Dean A.,

        Plaintiff,

v.

Nancy A. Berryhill, Deputy Commissioner
for Operations, performing the duties and
functions not reserved to the Commissioner
of Social Security,

        Defendant.

Case No. 17-cv-5572 (TNL)

**ORDER**

---

Stephanie M. Balmer[1], Falsani, Balmer, Peterson & Balmer, 1200 Alworth Building, 306 West Superior Street, Duluth, MN 55802 (for Plaintiff); and

Pamela Marentette, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; and Tracey Wirmani, Social Security Administration, Office of the General Counsel, 1301 Young Street, Suite A702, Dallas, TX 75202 (for Defendant).

---

## I. INTRODUCTION

This matter is before the Court on Defendant Nancy A. Berryhill's ("the Commissioner") Motion to Dismiss (ECF No. 7), seeking dismissal of this matter for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The parties have consented

---

[1] Prior to appearance of attorney Balmer on April 17, 2018, Plaintiff was represented by attorney Sean M. Quinn, who appears to have been with the same law firm. (ECF No. 15; *see, e.g.*, Compl., ECF No. 1; Aff. of Sean M. Quinn, ECF No. 12.) Unless otherwise specified, references to actions taken by counsel refer to actions taken by attorney Quinn.

to a final judgment from the undersigned United States Magistrate Judge in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and D. Minn. LR 72.1(c).

## II. BACKGROUND[2]

### A. Overpayment of SSI

In 1995, Plaintiff began receiving Supplemental Security Income ("SSI"). (Decl. of Cristina Prelle ¶ 3(a), ECF No. 10.) Plaintiff was incarcerated from October 2011 to September 2012. (ALJ Decision at 2-3, Ex. 3 to Prelle Decl., ECF No. 10-3.[3]) Inmates of public institutions are not eligible for SSI during the months in which they are incarcerated. *See* 42 U.S.C. § 1382(e)(1)(A); 20 C.F.R. §§ 416.201, .211, .1325. Plaintiff failed to notify the Social Security Administration ("SSA") of his incarceration. (ALJ Decision at 3-4.) In October 2013, the SSA mailed Plaintiff a letter informing him that he had been overpaid benefits in the amount of $7,141.39 based on his incarceration. (Prelle Decl. ¶ 3(a); Ex. 1 to Prelle Decl., ECF No. 10-1.) This letter informed Plaintiff that if he disagreed with the decision he could ask for a waiver, an appeal, or both. (Ex. 1 at 1 to Prelle Decl.) The letter further informed Plaintiff that he had "60 days to ask for an appeal" and to do so he "must fill out a form called 'Request for Reconsideration.'" (Ex. 1 at 2 to Prelle Decl.)

---

[2] The Court has construed the Commissioner's motion to be a factual, rather than facial, attack on the existence of subject matter jurisdiction. "In a factual attack, the existence of subject matter jurisdiction is challenged in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914-15 (8th Cir. 2015) (quotation omitted); *accord Osborn v. United States*, 918 F.2d 724, 729-30 & n.6 (8th Cir. 1990). Both parties have submitted materials in support of their respective positions and the Court may consider such materials without converting the Commissioner's motion into one for summary judgment. *Osborn*, 918 F.2d at 729-30.

[3] This document is nearly identical to Exhibit 1 to the affidavit of Plaintiff's counsel. (*Compare* ALJ Decision *with* Ex. 1 to Aff. of Sean M. Quinn, ECF No. 12-1.) The only difference is the exhibit submitted by Plaintiff included an exhibit list. To avoid confusion, the Court will cite only to one document.

### 1. Reconsideration of Overpayment

Plaintiff filed a timely request for reconsideration. (ALJ Decision at 1; *see* Ex. 2 at 1 to Prelle Decl., ECF No. 10-2.) In February 2014, the SSA mailed Plaintiff a letter informing him that his request for reconsideration was denied. (Ex. 2 at 1 to Prelle Decl.; *see* ALJ Decision at 1; Prelle Decl. ¶ 3(b).) The letter explained that Plaintiff was "not entitled to receive SSI while in Jail" and, "[b]ecause of [his] failure to report [his] incarceration, [he was] overpaid $7[,]141.39." (Ex. 2 at 1 to Prelle Decl.) The letter informed Plaintiff that if he disagreed with the decision he could request a hearing before an administrative law judge ("ALJ") and that he had "60 days to ask for a hearing." (Ex. 2 at 1 to Prelle Decl.) Plaintiff timely requested a hearing before an ALJ. (ALJ Decision at 1; *see* Prelle Decl. ¶ 3(c).)

### 2. ALJ Decision Regarding Overpayment

The ALJ held a hearing in April 2015. (ALJ Decision at 1.) In September 2015, the ALJ found that Plaintiff had been overpaid SSI benefits for the time he was incarcerated.[4] (*See generally* ALJ Decision.) The notice accompanying the ALJ's decision informed Plaintiff that if he disagreed with the decision, he could "file an appeal with the Appeals Council," and that the appeal must be filed within 60 days. (Notice of Decision Unfavorable at 1, Ex. 3 to Prelle Decl., ECF No. 10-3.)

Plaintiff did not appeal the ALJ's decision. (*See* Prelle Decl. ¶ 3(c); Quinn Aff. ¶¶ 7, 18; Ex. 2 at 1 to Quinn Aff., ECF No. 12-2.) Instead, Plaintiff conceded that there

---

[4] The ALJ reduced the amount of overpayment to $6,932. (ALJ Decision at 6-7.) The ALJ found that "because [Plaintiff] was not incarcerated through the entire months of October 2011 and September 2012, [he] was actually overpaid benefits for the period of November 2011 through August 2012," and "the amount of the overpayment is more accurately described as being $6[,]932 instead of $7[,]141.39." (ALJ Decision at 6-7.)

was an overpayment and sought waiver of the overpayment. (Ex. 2 at 1 to Quinn Aff. ("Rather than appeal the decision we have elected to file waiver now."); *see* Quinn Aff. ¶¶ 7, 9.)

**B. Request for Waiver**

In October 2015, Plaintiff filed a request for waiver of the collection of the overpayment. (Quinn Aff. ¶ 9; Prelle Decl. ¶ 3(d); *see generally* Ex. 2 to Quinn Aff.) The SSA denied Plaintiff's request for waiver via letter. The SSA sent Plaintiff *two* letters, *both* dated February 24, 2016. (Quinn Aff. ¶¶ 10, 20.) While both letters denied Plaintiff's request for waiver, the letters provided different instructions as to what Plaintiff should do if he disagreed with the SSA's decision. One letter instructed Plaintiff to seek reconsideration if he disagreed with the SSA's decision while the other letter instructed him to ask for a hearing before an ALJ.

**1. Reconsideration Letter**

In the letter provided by the Commissioner, the SSA stated that records showed that the waiver request Plaintiff filed in October 2015 was "a duplicate of an earlier request filed 12/09/2013." (Ex. 4 at 1 to Prelle Decl., ECF No. 10-4.) This letter explained that "[s]ince there [we]re no new issues and this is a duplicate request, the decision [the SSA] made on the earlier request still applies." (Ex. 4 at 1 to Prelle Decl.) The letter then instructed:

> You may request reconsideration of our determination that the issue involved in your new request is the same as the issue involved in your previous request. If you want this reconsideration, you must request it within 60 days from the

date you receive this notice.  If you have additional evidence, you should submit it with your request.

(Ex. 4 at 1 to Prelle Decl; *see* Quinn Aff. ¶ 10.)

### 2. Hearing Letter

In the letter provided by Plaintiff, the SSA explained that it could not waive collection of the overpayment because the overpayment was due to Plaintiff's failure to inform the SSA of his incarceration.  (Ex. 3 at 2 to Quinn Aff., ECF No. 12-3.)  This letter went on to state:

> You have file [sic] a reconsideration on December 09, 2013 and per your request, a personal conference was held on January 28, 2014.  You met with a representative at the St[.] Paul Social Security office, who did not work on your case before the overpayment.  We denied your request on February 05, 2014.  Since there is no new issues and this is a duplicate request, the decision we made on the earlier request still applies.

(Ex. 3 at 2 to Quinn Aff.)

This letter then instructed:

> If you disagree with this decision, you have the right to appeal.  A person who has not seen your case before will look at it.  That person will be an administrative law judge.  The administrative law judge will review your case and look at any new facts you have before deciding your case.  We call this a hearing.

(Ex. 3 at 2 to Quinn Aff.)  The letter informed Plaintiff that he had "60 days to ask for a hearing" and that "[t]he 60 days start the day after you get this letter."  (Ex. 3 at 2 to Quinn Aff.)

5

### 3. Request for Hearing on Denial of Waiver

In a letter dated April 11, 2016, within 60 days of the February 24 denial(s), Plaintiff appealed the waiver denial by requesting a hearing before an ALJ. (Ex. 4 to Quinn Aff., ECF No. 12-4; *see* Quinn Aff. ¶ 11.) The only evidence in the record regarding the hearing request is the affidavit of Plaintiff's counsel stating that the request was mailed on April 11, 2016, accompanied by a cover letter of the same date and a request-for-hearing form signed by both Plaintiff and counsel on April 6, 2016. (Ex. 4 to Quinn Aff.; *see* Quinn Aff. ¶ 11.) The SSA did not receive Plaintiff's hearing request. (Prelle Decl. ¶ 3(e); Def.'s Mem. in Supp. at 4, ECF No. 8; Def.'s Suppl. Mem. at 5, 6, ECF No. 18.)

As of September 2016, Plaintiff was homeless, and his counsel inquired into the status of his hearing request. (Quinn. Aff. ¶ 12; *see* Ex. 5 at 3 to Quinn Aff., ECF No. 12-5.) The SSA subsequently sent Plaintiff another letter dated September 20, 2016. (Ex. 5 to Prelle Decl., ECF No. 10-5.[5]) The letter stated that records indicated that the waiver request was a "duplicate of an earlier request filed on 12/09/2013" that "was denied at the Hearing Appeal level by a[n] administrative law judge." (Ex. 5 at 1 to Prelle Decl.) The letter stated that "[s]ince there [we]re no new evidences [sic] and that was a duplicate request of the same issue, the decision [the SSA] made on the earlier request still applie[d] to [Plaintiff]." (Ex. 5 at 1 to Prelle Decl.)

The letter further stated:

---

[5] Plaintiff's Exhibit 5 includes the September 20, 2016 letter (although it is addressed to counsel rather than Plaintiff) along with other documents whereas Exhibit 5 to the Prelle Declaration includes just the September 20, 2016 letter (although it is addressed to Plaintiff rather than counsel). To avoid confusion, the Court will cite only to one document.

> However, as stated in the notice you may request a reconsideration of our determination on February 24, 2016. We state that if you want us to reconsideration [sic], you must request it within 60 days from the date you receive that notice. If you have additional evidences [sic], you should submit it with your request. *However, we did not receive an appeal from you and the 60[]days has expired on April 29,[]2016.*

(Ex. 5 at 1 to Prelle Decl. (emphasis added).)

Plaintiff's counsel followed up with the SSA multiple times to no avail. Counsel sent a letter in October 2016, "indicating that [Plaintiff] requested the hearing, . . . did so in a timely fashion and they should process this." (Quinn Aff. ¶ 13.) Counsel sent another letter in January 2017, stating that Plaintiff was "waiting for a hearing on a request for waiver." (Ex. 6 at 1 to Quinn Aff., ECF No. 12-6; *see* Quinn Aff. ¶ 14.) Counsel sent another letter in June 2017, noting that Plaintiff "requested the hearing in April 2016, which is fourteen months ago," and the request still had not been processed. (Ex. 7 at 1 to Quinn Aff., ECF No. 12-7; *see* Quinn Aff. ¶ 14.) Counsel stated that Plaintiff was "being denied due process." (Ex. 7 at 2 to Quinn Aff.) Counsel sent yet another letter in July 2017, stating Plaintiff was being denied due process of law and demanding that the SSA "[p]rocess the appeal." (Ex. 8 at 1 to Quinn Aff., ECF No. 12-8; *see* Quinn Aff. ¶ 14.)

Subsequently, Plaintiff's counsel left at least two phone messages with the SSA office located in St. Paul, Minnesota, in an attempt to resolve this matter. (Quinn Aff. ¶ 15.) When the SSA did not return the calls, Plaintiff brought the present action. (Quinn Aff. ¶¶ 15, 16.)

**C. Present Action**

Plaintiff brings the present action seeking to compel the Commissioner to process Plaintiff's request for a hearing on the waiver denial. Plaintiff alleges he timely submitted a request for a hearing within 60 days of the February 24 denial, consistent with the instructions accompanying the denial. (Compl. ¶¶ 4-5.) Plaintiff alleges that

> [a]s of the present time, the local office has refused to process the request for hearing form, a year and a half since it has been requested. Numerous phone calls and letters to the local office asking them to process the form and to explain why they haven't done so have gone unanswered (un-responded to).

(Compl. ¶ 6.) Plaintiff alleges that the Commissioner's failure to honor his request for a hearing and "to provide him due process of law is a violation of his constitutional rights and his rights under the statutes and rules governing the [SSA]." (Compl. ¶ 7.) Plaintiff requests that "[t]his Court order [the Commissioner] to process the request for hearing form and allow [him] a hearing, on his waiver request, before an ALJ." (Compl. ¶ a.)

## III. ANALYSIS

The Commissioner has moved to dismiss this matter for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). "The burden of proving federal court jurisdiction is on the party seeking to invoke federal jurisdiction." *Mitchael v. Colvin*, 809 F.3d 1050, 1053 (8th Cir. 2016).

**A. Limited Judicial Review**

"The United States has authorized limited judicial review of claims arising under Title XVI of the Social Security Act." *Bamberg v. Astrue*, No. 10 Civ. 6348(CM)(THK),

2011 WL 4000898, at *3 (S.D. N.Y. Sept. 8, 2011). Judicial review is governed by 42 U.S.C. § 405(g). 42 U.S.C. § 1383(c)(3). Section 405(g) allows for judicial review of final decisions of the Commissioner "made after a hearing." *Id.* § 405(g); *see, e.g.*, *Mitchael*, 809 F.3d at 1054; *Lively v. Bowen*, 827 F.2d 268, 269 (8th Cir. 1987) (per curiam).

Section 405(h) conditions the right to judicial review under § 405(g) "upon compliance with the procedures set forth in the Social Security Act, namely, the proper and timely exhaustion of administrative remedies at the agency level." *Jones v. Soc. Sec. Admin.*, Civil Action No. 15-06385, 2016 WL 7238390, at *1 (E.D. La. Nov. 10, 2016), *adopting report and recommendation*, 2016 WL 7210346 (E.D. La. Dec. 12, 2016); *see* 42 U.S.C. § 405(h) ("The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). Section 405(h) further provides that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on *any claim* arising under this subchapter." 42 U.S.C. § 405(h) (emphasis added).

Generally, a claimant must proceed through three additional stages of administrative review after receiving an initial determination from the SSA. *Wild v. Astrue*, No. 07-cv-1372 (JNE/JSM), 2008 WL 698483, at *3 (D. Minn. Mar. 13, 2008); *see* 20 C.F.R. § 416.1400(a)(2)-(4). If unsatisfied with an initial determination, a

claimant may seek reconsideration. 20 C.F.R. §§ 416.1400(a)(2), .1405. Thereafter, if unsatisfied with the reconsideration determination, the claimant may request a hearing before an ALJ. 20 C.F.R. §§ 416.1400(a)(3), .1421, .1430. If unsatisfied with the ALJ's decision, the claimant may seek further review with the Appeals Council. 20 C.F.R. §§ 416.1400(a)(4), .1455. Once these steps have been completed, the SSA has "made [its] final decision" and a claimant may seek judicial review by filing an action in federal court. 20 C.F.R. §§ 416.1400(a)(5), .1481; *see Sheehan v. Sec. of Health, Educ. & Welfare*, 593 F.2d 323, 326 (8th Cir. 1979) ("Under the Secretary's regulations finality required for judicial review is achieved only after a hearing before an administrative law judge and, ordinarily, consideration by the Appeals Council.").

In briefing the motion to dismiss, the Commissioner focused her arguments on the fact that Plaintiff did not seek further review of the ALJ's decision that overpayment occurred with the Appeals Council, and therefore did not obtain a final decision under the Act. Plaintiff himself conceded that he did not seek further review of the ALJ's decision. Were Plaintiff seeking judicial review of the determination that overpayment occurred, this may well have ended the matter. Plaintiff is not, however, seeking judicial review of the ALJ's decision.

**B. Waiver Request**

Following the ALJ's determination that overpayment occurred, Plaintiff submitted a request for waiver to the SSA. A waiver request is not an appeal of an overpayment determination. *Bronstein v. Apfel*, 158 F. Supp. 2d 1208, 1211 (D. Colo. 2001); *see* 20 C.F.R. § 416.551 ("Waiver of adjustment or recovery of an overpayment from the

overpaid person himself (or, after his death, from his estate) frees him and his eligible spouse from the obligation to repay the amount of the overpayment covered by the waiver."). Rather, a waiver request is a request for relief under 42 U.S.C. § 1383(b)(1)(B), which allows the Commissioner to waive recovery of overpayment in certain circumstances. *Bronstein*, 158 F. Supp. 2d at 1211; *see* 42 U.S.C. § 1383(b)(1)(B); 20 C.F.R. §§ 416.550-.556.

The SSA denied Plaintiff's waiver request. Significantly, Plaintiff is not asking this Court to review that denial either. Rather, Plaintiff alleges that the Commissioner is denying his constitutional right to due process by not processing his hearing request. Plaintiff seeks an order directing the Commissioner to process his hearing request and allow him a hearing before an ALJ on the waiver denial.

### C. Alternative Bases for Jurisdiction

Based on Plaintiff's allegations and the relief sought, two alternative basis for federal court jurisdiction appeared to be implicated: the mandamus statute, 28 U.S.C. § 1361, and the presence of a colorable constitutional claim.[6] Neither party had addressed these possible alternative bases for jurisdiction when briefing the motion to dismiss.

---

[6] Plaintiff asserts that "[t]he Court has jurisdiction because [his] claim is collateral to his receipt of benefits." (Pl.'s Suppl. Mem. at 4, ECF No. 17.) The collateral/procedural and constitutional nature of Plaintiff's claim provides other avenues for federal court jurisdiction outside of 42 U.S.C. §§ 405(g) and (h) in the appropriate circumstances. *See, e.g.*, *Belles v. Schweiker*, 720 F.2d 509, 512 (8th Cir. 1983) (no obstacle to mandamus jurisdiction for procedural claims); *see also, e.g.*, *Califano v. Sanders*, 430 U.S. 99, 108-09 (1977); *Mathews v. Eldridge*, 424 U.S. 319, 329-32 (1976); *Mitchael*, 809 F.3d at 1055; *Efinchuk v. Astrue*, 480 F.3d 846, 848 (8th Cir. 2007); *Bamberg*, 2011 WL 4000898, at *4 (constitutional challenges excepted from exhaustion requirement). The collateral/procedural nature of Plaintiff's claim does not *itself* provide an independent basis for federal court jurisdiction.

This Court has an obligation to ensure that it has jurisdiction over this matter. *See, e.g.*, *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016) (per curiam) ("A court has an independent obligation to ensure that the case is properly before it."); *Guggenberger v. Starkey Labs., Inc.*, Nos. 16-cv-2021 (JRT/LIB), 16-cv-2022 (JRT/LIB), 2016 WL 7479542, at *5 (D. Minn. Dec. 29, 2016) ("Federal courts are obligated to examine and confirm the basis for their jurisdiction, even where neither party to the controversy has raised the issue."). Accordingly, the Court ordered supplemental briefing. (Order, June 22, 2018, ECF No. 16). That briefing is now complete, and the Commissioner's motion is ripe for a determination on the papers.

**D. Mandamus**

"Federal courts have jurisdiction . . . under the federal mandamus statute, 28 U.S.C. § 1361, to consider challenges to the procedures used in administering Social Security benefits." *Mitchael*, 809 F.3d at 1054; *see* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."); *see also, e.g.*, *Belles*, 720 F.2d at 512-13; *Dietsch v. Schweiker*, 700 F.2d 865, 868 (2d Cir. 1983). "Mandamus may issue under § 1361 against an officer of the United States only in extraordinary situations . . . ." *Mitchael*, 809 F.3d at 1054. The

plaintiff must show "(1) a clear and indisputable right to the relief sought, (2) the state officer has a nondiscretionary duty to honor that right, and (3) there is no other adequate remedy." *Id.* (quotation omitted). "In order for mandamus to lie, the duty owed to the plaintiff must be ministerial and a positive command so plainly prescribed as to be free from doubt." *Id.* (quotation omitted). Plaintiff asserts that § 1361 confers federal court jurisdiction in this instance because the Commissioner is required to process his request for a hearing on the waiver request.

The Commissioner

> shall provide reasonable notice and opportunity for a hearing to any individual who is or claims to be an eligible individual . . . and is in disagreement with any determination under this subchapter with respect to eligibility of such individual for benefits, or the amount of such individual's benefits, *if such individual requests a hearing on the matter in disagreement within sixty days after notice of such determination is received.*

42 U.S.C. § 1383(c)(1)(A) (emphasis added). Under 20 C.F.R. § 416.1430(b), the Commissioner "will hold a hearing only if you or another party to the hearing file a written request for a hearing."[7] *See* 20 C.F.R. § 416.1429 ("The Deputy Commissioner

---

[7] Notably, the next step in the administrative process after the initial denial of Plaintiff's waiver request was reconsideration, not a hearing before an ALJ. *Compare* 20 C.F.R. §§ 416.1400(a)(2) ("If you are dissatisfied with an initial determination, you may ask us to reconsider it."), .1405 ("An initial determination is binding unless you request a reconsideration within the stated time period, or we revise the initial determination.") *with* 20 C.F.R. §§ 416.1400(a)(3) ("If you are dissatisfied with a reconsideration determination, you may request a hearing before an administrative law judge."), .1421 ("The reconsidered determination is binding unless—(a) You . . . request[] a hearing before an administrative law judge within the stated time period and a decision is made . . . ."); .1429 ("If you are dissatisfied with one of the determinations or decisions listed in § 416.1430, you may request a hearing."), .1430(a) ("You . . . may request a hearing before an administrative law judge if we have made—(1) A reconsidered determination . . . .").

While Plaintiff states he "has a clearly delineated right to a hearing after being denied upon reconsideration," (Pl.'s Supp'l Mem. at 5), there is no indication in the record that Plaintiff requested reconsideration of the waiver denial. Instead, Plaintiff himself stated that he requested a hearing rather than reconsideration. (Quinn Aff. ¶¶ 10-11; *see* Compl. ¶¶ 4-5. Any request by Plaintiff for a hearing prior to seeking

for Disability Adjudication and Review, or his or her delegate, will appoint an administrative law judge to conduct the hearing."). The Commissioner "has a nondiscretionary duty to hold a hearing, once it is requested in writing." *Cintron v. Comm'r of Soc. Sec. Admin.*, No. 09 Civ. 09039 (GBD) (KNF), 2011 WL 2791351, at *14 (S.D. NY. July 1, 2011) (referencing 20 C.F.R. § 404.930), *adopting report and recommendation*, 2013 WL 208903 (S.D. N.Y. Jan. 18, 2013). Acknowledging that "SSA has a non-discretionary right [sic] to hold a hearing only if plaintiff or another party to the hearing files a request for a hearing," the Commissioner contends that "Plaintiff has not put forth sufficient evidence showing that he filed an April 11, 2016 request for a hearing, and thus is not entitled to a writ of mandamus compelling the [SSA] to grant him a hearing." (Def.'s Suppl. Mem. at 3.)

In one of the February 24, 2016 letters, Plaintiff was informed that he had 60 days to ask for a hearing. Plaintiff asserts that he requested a hearing on April 11, 2016, within the 60 days. According to Plaintiff, "the allegations of the Complaint should be taken as true in determining whether federal jurisdiction is available." (Pl.'s Suppl. Mem. at 5 n.1.)

But in a factual attack on jurisdiction, such as the Commissioner has mounted here, "the nonmoving party . . . [does] not enjoy the benefit of the allegations in its pleadings being accepted as true by the reviewing court." *Branson Label*, 793 F.3d at 915; *accord Osborn*, 918 F.2d at 729 n.6 ("In a factual attack, the court considers matters

---

reconsideration was, therefore, arguably improper. As stated above, however, the SSA sent Plaintiff two letters of the same date, each providing different instructions as to what Plaintiff should do if he disagreed with the denial of the waiver request. Section II.B *supra*. One directed Plaintiff to seek reconsideration, and the other directed him to request a hearing before an ALJ. *Id.* Plaintiff elected to request a hearing.

14

outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." (citation omitted)). The only evidence in the record regarding the hearing request is the affidavit of Plaintiff's counsel stating that the request was mailed on April 11, accompanied by a cover letter of the same date and a request-for-hearing form signed by both Plaintiff and counsel on April 6, 2016. (Ex. 4 to Quinn Aff.; *see* Quinn Aff. ¶ 11.) Plaintiff's counsel further averred, "Of course I actually sent that request in to the appropriate office." (Quinn Aff. ¶ 11.) There is, however, no proof of actual mailing.

The Sixth Circuit Court of Appeals recently encountered a similar set of facts in *Smith v. Commissioner of Social Security*, 880 F.3d 813 (6th Cir. 2018), *pet. for cert. filed*, No. 17-1606 (Sup. Ct. May 25, 2018). Smith received an unfavorable decision from an ALJ accompanied by a notice of decision stating that he "had sixty days to file a written appeal with the Appeals Council if he disagreed with the ALJ's decision." *Smith*, 880 F.3d at 814. "Smith's attorney claimed he timely mailed a request for review to the Appeals Council, but was unable to provide any independent evidence of this." *Id.* "The [SSA] did not receive the request until approximately four months after the time for appeal had expired. Finding no good cause for the untimeliness, the Appeals Council dismissed the appeal." *Id.*

Smith brought a civil action, alleging, among other things, that his due process rights were violated because "the Appeals Council denied his request for review as untimely after he allegedly timely mailed the request." *Id.* at 817. "The district court determined that aside from his attorney's own testimony, Smith was not able to provide any proof that he mailed his written request on April 24, 2014." *Id.* "The [district] court

15

concluded that absent independent evidence, such as a postmark or dated receipt, . . . [it could not] reverse the Appeals Council's determination that the written request for appeal was untimely." *Id.* (quotation omitted).

The Sixth Circuit affirmed. The Sixth Circuit stated that "Smith's dated request for appeal and his attorney's testimony that he timely mailed the request is not proof that the request was actually mailed. Further, the [SSA] has no record of ever timely receiving the request and Smith was unable to provide a postmark or dated receipt." *Id.* at 818. "Taking into account this lack of independent evidence, [the Sixth Circuit held] there is no presumption of receipt." *Id.* The appellate court went on to state that "[e]ven if such a presumption were appropriate, however, it was effectively rebutted by the [SSA]'s statement that it did not receive the request before October 1, 2014— approximately four months late." *Id.*

The same is true here. The SSA has no record of ever timely receiving Plaintiff's hearing request. There is no independent evidence that Plaintiff's hearing request was timely mailed within the 60 days. There is no receipt. There is no postmark. There is no tracking number. There is no metadata or other independent evidence of timely mailing. This is so even after the Court raised the jurisdictional issue and provided both sides an opportunity for additional briefing. Given the extraordinary nature of mandamus relief, however, the Court cannot conclude on this record that jurisdiction exists under § 1361. The Commissioner's nondiscretionary to hold a hearing is triggered by a timely written request. There is no clear, nondisrectionary duty to hold a hearing based on a hearing request that was either untimely or never received at all. *See Mitchael*, 809 F.3d at 1054-

55; *cf. Bamberg*, 2011 WL 4000898, at *6 (mandamus jurisdiction appropriate where claimant timely requested hearing yet request had not been processed for over four years). Therefore, although Plaintiff raises a procedural challenge, wholly collateral to the merits of the denial of his request for waiver, *see Belles*, 720 F.2d at 512, there is no jurisdiction under § 1361.

### E. Colorable Constitutional Claim

"[W]hen constitutional questions are in issue, the availability of judicial review is presumed." *Califano*, 430 U.S. at 109; *see Smith*, 880 F.3d at 817. An exception to § 405(g)'s rule requiring a final decision of the Commissioner for judicial review exists for colorable constitutional claims. *Mitchael*, 809 F.3d at 1055; *Efinchuk*, 480 F.3d at 848. "Where the claimant raises constitutional questions, . . . review is available despite the claimant's failure to exhaust administrative remedies." *Lively*, 827 F.2d at 269; *accord Jones*, 2016 WL 7238390, at *2 ("An exception to the exhaustion requirement exists where a plaintiff presents a colorable constitutional challenge to the Commissioner's decision." (citing *Califano*, 430 U.S. at 108-09)); *Wild*, 2008 WL 698483, at *4 ("Nevertheless, despite a failure to exhaust administrative remedies, the Court may review a constitutional challenge to the Commissioner's decision."). Courts have waived the exhaustion requirement when a constitutional challenge is collateral to a claim for benefits. *See, e.g.*, *Mathews*, 424 U.S. at 329-32; *Gipson v. Harris*, 633 F.2d 120, 122 (8th Cir. 1980); *Bamberg*, 2011 WL 4000898, at *4; *see also Bronstein*, 158 F. Supp. 2d at 1214.

Plaintiff asserts that he has presented a colorable constitutional claim wholly collateral to the merits of the denial of his request for waiver. Plaintiff asserts that he is being denied his right to due process because the SSA has not afforded him a hearing on the waiver denial. The Commissioner responds that "[t]his is not a case where [the] SSA denied Plaintiff reasonable notice and opportunity for a hearing regarding his waiver denial." (Def.'s Suppl. Mem. at 6.) According to the Commissioner, the "SSA did not deny Plaintiff a right to a hearing, but rather he failed to request a hearing," and Plaintiff "cannot now argue that [the] SSA denied him due process because he failed to comply with remedies provided by [the] SSA." (Def.'s Suppl. Mem. at 6.)

Plaintiff was not denied the opportunity to challenge the SSA's denial of his waiver request. In the February 24 denial, the SSA advised Plaintiff of the availability of further review. Because Plaintiff had an opportunity to challenge the denial of his wavier request, he was "provided constitutionally adequate due process, and there is no colorable due process violation alleged in the complaint." *Mitchael*, 809 F.3d at 1056 (citing *Lewellen v. Sullivan*, 949 F.2d 1015, 1016 (8th Cir. 1991)). There is no colorable constitutional claim where Plaintiff is unable to show that he requested a hearing in a timely manner. *See, e.g.*, *Mahoney v. Colvin*, Civil Action No. 15-13023-NMG, 2016 WL 8839010, at *4 (D. Mass. Nov. 7, 2016) (no colorable constitutional claim that SSA violated claimant's due process rights by failing to provide hearing despite repeated requests where there was no indication SSA received first hearing request and second hearing request was untimely), *adopting report and recommendation*, 2017 WL 1538520 (D. Mass. Apr. 13, 2017); *Jones v. Colvin*, Civil Action No. 15-6381, 2016 WL 5947350,

at *4 (E.D. La. Sept. 21, 2016) (claimant "raise[d] no colorable constitutional claim that her due process rights were violated because she never had a meaningful opportunity to be heard" where "Commissioner advised [claimant] in each notice that she could request reconsideration and proceed through the four-step process, but [claimant] did not do so"), *adopting report and recommendation*, 2016 WL 5940868 (E.D. La. Oct. 13, 2016); *Collins v. Comm'r of Soc. Sec.*, No. 1:15-cv-01459-SAB, 2016 WL 8731344, at *4 (E.D. Cal. May 19, 2016) (no colorable constitutional claim where claimant "had the opportunity to seek review of the decision awarding benefits, but a review hearing was not provided because he did not file a timely request for a hearing"). Therefore, Plaintiff is unable to invoke federal court jurisdiction on this basis either.

### F. Conclusion

Based on the foregoing, the Court concludes that Plaintiff has not met his burden of proving federal court jurisdiction. The Commissioner's motion is granted and this matter is dismissed without prejudice. In closing, the Court notes that, under the regulations, the Commissioner has the discretion to grant an extension of time to request a hearing if the claimant requests an extension in writing and shows good cause for missing the deadline.[8] 20 C.F.R. § 416.1433(c); *see* 20 C.F.R. § 416.1411.

---

[8] The same is true with respect to requests for reconsideration. *See* 20 C.F.R. § 416.1409(b). *See supra* n.7.

19

## IV. ORDER

Based upon the record, memoranda, and the proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss (ECF No. 7) is **GRANTED**.

2. This matter is dismissed **WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: September  26 , 2018      *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Dean A. v. Berryhill*
Case No. 17-cv-5572 (TNL)